IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SOPHIA D. SPENCE,

    Plaintiff,

vs.                                                     CASE NO.: 3:17-cv-00093-MCR-CJK

SUN LIFE ASSURANCE COMPANY OF
CANADA,

    Defendant.
_____/

## DEFENDANT SUN LIFE ASSURANCE COMPANY OF CANADA'S ANSWER AND DEFENSES TO COMPLAINT, COUNTERCLAIM, AND REQUEST FOR ATTORNEYS' FEES

Defendant, Sun Life Assurance Company of Canada ("Sun Life"), answers the Complaint filed herein, stating:

1. Admitted that this matter is governed by ERISA and that Plaintiff seeks the type of relief described in this paragraph. The remaining allegations of this paragraph, if any, are denied.

2. Admitted on information and belief.

3. Admitted.

4. Admitted.

5. Admitted that Plaintiff's former employer, Sandestin Investments, LLC ("Sandestin"), secured from Sun Life a group policy of insurance ("Group Policy") that includes long term disability provisions as part of Sandestin's employee benefits plan. The remaining allegations of this paragraph, if any, are denied.

6. Admitted that Plaintiff was employed by Sandestin and that she was an eligible participant in Sandestin's employee benefits plan, including the Group Policy issued by Sun Life to Sandestin. The remaining allegations of this paragraph, if any, are denied.

7. Denied.

8. Admitted that Sun Life issued the referenced Group Policy, the Group Policy gives discretion to Sun Life to make benefits determinations and Sun Life determined Plaintiff's claims thereunder pursuant to the terms of the Group Policy. The remaining allegations of this paragraph are denied.

9. Denied.

10. Admitted that Plaintiff sought long term disability benefits under the referenced Group Policy. The remaining allegations of this paragraph are denied.

11. Admitted that Sun Life initially determined Plaintiff met the Group Policy requirements for benefits and paid to Plaintiff benefits for the months of February 2016 through June of 2016. The remaining allegations of this paragraph are denied.

12. Admitted that Sun Life determined that Plaintiff no longer met Group Policy requirements for the payment of benefits after June 30, 2016. The remaining allegations of this paragraph are denied.

13. Admitted that Plaintiff sought administrative review. The remaining allegations of this paragraph are denied.

14. Admitted that Sun Life acknowledged Plaintiff's appeal. The remaining allegations of this paragraph are denied.

15. Admitted that the determination that Plaintiff no longer met Group Policy requirements for the payment of benefits after June 30, 2016 was upheld on administrative review. The remaining allegations of this paragraph are denied.

16. Denied.

17. Admitted that Plaintiff has exhausted her administrative remedies. The remaining allegations of this paragraph are denied.

18. Denied.

Responding to the unnumbered paragraph following paragraph 18 of Plaintiff's Complaint, Sun Life denies that Plaintiff is entitled to any relief herein.

## FIRST DEFENSE

Plaintiff failed to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff failed to satisfy all conditions precedent to the payment of benefits under the Group Policy by failing to provide satisfactory proof of her claim or to otherwise satisfy the relevant Group Policy definitions and/or requirements.

## THIRD DEFENSE

Plaintiff is not entitled to benefits under the terms of the Group Policy that is the subject matter of this action.

## FOURTH DEFENSE

Sun Life's decision to deny the payment of benefits under the Group Policy was neither arbitrary nor capricious.

**FIFTH DEFENSE**

Plaintiff may have received money from collateral sources for which Sun Life is entitled to a setoff to the extent of said funds received.

**SIXTH DEFENSE**

Sun Life is entitled to recoup any monies received by Plaintiff from collateral sources.

**SEVENTH DEFENSE**

Plaintiff may have failed to pursue collateral sources that may have been available to her. Sun Life is entitled to a setoff to the extent said funds would have been available to Plaintiff had she pursued them.

**EIGHTH DEFENSE**

Sun Life may have overpaid benefits to plaintiff and if so is entitled to recoup such overpayments or to have a set-off therefore.

**COUNTERCLAIM**

Defendant/Counter-Plaintiff, Sun Life Assurance Company of Canada ("Sun Life" hereinafter), by and through its undersigned counsel, hereby files this Counterclaim against the Plaintiff/Counter-Defendant, Sophia Spence ("Ms. Spence" hereinafter), and alleges:

1. This is an equitable action for reimbursement of overpayment of long term disability benefits to Ms. Spence that is a compulsory counterclaim to her complaint filed herein. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and the mandatory counterclaim provisions of the Federal Rules of Civil Procedure, as well as 29 U.S.C. § 1132(a)(3).

2. Sun Life is authorized to do business in, and does business in, Florida.

3. Ms. Spence is sui juris, and in the interest of judicial economy and as required by the compulsory counterclaim procedures, venue for this action is appropriate herein because this is the forum Ms. Spence selected for her action against Sun Life.

4. Effective January 1, 2013, Sun Life issued an insurance policy to Sandestin Investments, LLC ("Sandestin") that included provisions for employee long term disability income insurance for certain qualified employees (the "Group Policy"). This Group Policy is part of an employer provided welfare benefit plan and therefore is governed by ERISA.

5. Ms. Spence was employed by Sandestin during the relevant time frame. Sun Life established and continued to maintain its contractual relationship with Sandestin.

6. In early November of 2015, Ms. Spence stopped working, claiming to be unable to work and seeking disability benefits. After a full and fair review, Sun Life issued long term disability income benefits to Ms. Spence following completion of the elimination period, beginning February 1, 2016. Sun Life issued contractual benefits to Ms. Spence until June 30, 2016 as she failed to provide satisfactory proof of claim thereafter as required by the terms of the Group Policy. Sun Life did not offset from the amount of monthly benefits any "other income" such as Social Security disability benefits because Ms. Spence was not receiving such benefits at the time of these payments.

7. On June 8, 2016, Ms. Spence filed her initial application for Social Security disability benefits. Sun Life is uncertain as to the status of this application or any subsequent filings with Social Security. Although Ms. Spence did not continue to satisfy the requirements for long term disability benefits under the Group Policy, Sun Life understands that the Social Security Administration uses different criteria and analysis, and therefore may determine that she is entitled to Social Security Disability benefits. If Ms. Spence is successful in obtaining such

benefits, the benefits would be retroactive to accrue in the same month (February 1, 2016) that Sun Life started making benefits payments and likely would include the entire period of time during which Sun Life paid benefits to Ms. Spence.

8. Pursuant to the terms of the Group Policy, Social Security disability benefits are an offset in the calculation of benefits otherwise due and payable. The award of Social Security disability benefits therefore would create an overpayment by Sun Life to Ms. Spence for the five months in which Sun Life made payments. Also pursuant to the Group Policy, when Sun Life pays benefits while a claim for Social Security disability benefits is undetermined, Sun Life is entitled to recover, and the recipient is obligated to pay back, any such overpayment. Ms. Spence signed a Reimbursement Agreement during the claim process in which she expressly agreed that in the event she received Social Security disability benefits she would pay back all overpaid benefits. A copy of that agreement is attached hereto as Exhibit A.

9. Ms. Spence is obligated to return and pay back to Sun Life the full amount of such overpayments, if any.

10. All conditions precedent to maintaining this action have been performed, waived or are otherwise excused.

11. Ms. Spence owes Sun Life all sums received for the 5 month period of February 2016 through June 2016 as long term disability benefits in excess of those otherwise due based on the award of Social Security disability benefits. Sun Life is entitled to pre-judgment interest on the sums due hereunder. Sun Life seeks reimbursement pursuant to 29 U.S.C. § 1132(a)(3) and if necessary specific performance of the Reimbursement Agreement.

WHEREFORE, defendant/counter-plaintiff, Sun Life, requests entry of a judgment against plaintiff/counter-defendant Ms. Spence for the full amount of the overpayment of

benefits, interest thereon, costs, attorneys' fees and such other and further relief as this Court deems just and proper under the circumstances.

## REQUEST FOR ATTORNEYS' FEES

Sun Life has engaged the undersigned counsel to represent it in this action and is obligated to pay a reasonable fee for such services. Pursuant to 29 U.S.C. § 1132(g)(1), Sun Life respectfully requests this Court award it reasonable attorneys' fees and costs incurred in this matter.

/s/ Amy L. Drushal
Amy L. Drushal
Florida Bar No. 546895
Trenam, Kemker, Scharf, Barkin,
Frye, O'Neill & Mullis, P.A.
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Phone: 727-820-3952
Fax: 727-820-3972
Attorneys for Sun Life Assurance Company
of Canada

## CERTIFICATE OF SERVICE

I certify that a copy of DEFENDANT SUN LIFE ASSURANCE COMPANY OF CANADA'S ANSWER AND DEFENSES TO COMPLAINT, COUNTERCLAIM, AND REQUEST FOR ATTORNEYS' FEES has been served by CM/ECF electronic filing this 24th day of February, 2017 on:

Nick A. Ortiz, Esq.
Ortiz Law Firm
823 E. Jackson Street
Pensacola, FL 32501
nick@nickortizlaw.com

/s/ Amy L. Drushal
Attorney

11518083